# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                  : Case No. 1-02-02554
    Thomas E. Martin        :
        Debtor                 : Chapter 13

## CHAPTER 13 PLAN

Now comes the Debtor, Thomas E. Martin, to propose a Chapter 13 Payment Plan for the payment of his debts as follows:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee and the Debtor shall pay to the Trustee the sum of $2,706.00 per month, pursuant to 11 U.S.C. §1326, until the total estimated amount of $162,360.00 is paid over the five [5] year life of this plan. If the amounts proposed to be paid are insufficient to pay the amounts due as determined by the claims filed, the plan payment may be increased and will be deemed to be so amended by the Schedule of Distribution.

If the plan length is in excess of the minimum period required by statute with the intent of paying non-dischargeable taxes and the amounts of the claims filed are less than the amounts estimated as due in the plan, the Debtor may elect to either decrease the amounts of the monthly plan payments or shorten the length of the plan, but in no case, will the plan be shortened to less than the statutory minimum period.

From the fund so created upon receipts of payments from the Debtor, the Standing Trustee shall commence disbursement therefrom, after confirmation of the plan, at the claims bar date less, however, Trustee's fees and administrative costs computed at 10% but subject to administrative modification by the United States Trustee.

2. The Debtor will commence paying the enumerated payments set forth herein on an interim basis to the standing Chapter 13 Trustee, Charles DeHart III, Esquire, within thirty (30) days of the filing of this Chapter 13 Plan through the date that the Plan is confirmed by the United States Bankruptcy Court until payment in full of the amounts set forth in the Plan. Should the Plan (or any subsequent amendments) not be confirmed and this case converted to a Chapter 7 proceeding or be dismissed, then it is understood that any funds paid to the Standing Trustee as interim Chapter 13 Plan payments shall be returned to the Debtor, less the Trustee's commission as provided in 11 U.S.C. §1326(a), after deducting any unpaid claim allowed under §503(b) of this title.

3. The return to unsecured creditors under this plan is not anticipated to be significant [and may be nothing] but will depend upon the Proofs of Claim filed and the amounts to be distributed to higher-priority creditors.

FILED      HARRISBURG PA
MAY 20 2002
dap
Clerk, U.S. Bankruptcy Court

4. The Debtor proposes to continue paying Alan Acceptance Corp. [Preferred Capital Inc.] (collateral: 1982 Gatti Gauge Shear & Version Mechanical Press) current payments plus interest at the contract rate each month outside of the plan and afterwards directly to the creditor as the Debtor is not in arrears.

5. The Debtor proposes to continue paying First National Bank of Greencastle (collateral: 1987 Harley Motorcycle & rollback) current payments plus interest at the contract rate each month outside of the plan and afterwards directly to the creditor as the Debtor is not in arrears.

6. Unless otherwise specified herein all secured creditors will retain their security interests and this plan is not intended to modify the liens of these security interests, which liens remain.

7. The Debtor proposes to pay all delinquent real estate taxes, estimated amount of $9,019.84 in full over the life of the plan, both for his residential and commercial real estate, both to be determined by proof of claims filed.

8. The Debtor proposes to pay all non-dischargable delinquent personal, trust, sales and unemployment taxes arising out of his business, ATTCO Auto Body & Truck Painting, in full over the life of the plan to be determined by the proof of claims filed by the creditors as described below:

    A. Estimated amount of $94,747.28 due the Internal Revenue.

    B. Estimated amount of $2,405.85 due the Chambersburg Area Wage Tax Office.

    C. Estimated amount of $30,055.24 due the PA Dept. Of Revenue.

    D. Estimated amount of $1,447.08 due the PA Dept. Of Labor & Industry.

9. Any existing tax liens filed by the Internal Revenue Service and the PA Dept. Of Revenue shall be retained until the debt is paid in full. Pursuant to 11 U.S.C. §507(a)(8)(G), penalties are to be treated as general unsecured claims and will be paid as such. Interest will be allowed only if other unsecured claims are to be paid pursuant to this plan. Any unfiled federal, state, and local tax returns will be filed prior to confirmation of this plan.

10. To the extent that the funds proposed are insufficient to prove for full payment of any priority tax, this Chapter 13 Plan will be deemed to be amended by the Schedule of Distribution so as to provide for payment in full of all non-dischargeable priority taxes, same to be without further notice to creditors or parties in interest.

11. The lease purchase claim of Mitchell International is not being paid; the collateral (computer) securing the loan to the Debtor is to be surrendered under this plan and the confirmation of this plan is deemed to be a concurrence by the Debtor to the granting of a "lift-stay" motion; any deficiency due after the surrender of the collateral shall be treated the same as the claims of other unsecured creditors.

12. The lease purchase claim of Mitchell International is not being paid; the collateral (computer) securing the loan to the Debtor is to be surrendered under this plan and the confirmation of this plan is deemed to be a concurrence by the Debtor to the granting of a "lift-stay" motion; any deficiency due after the surrender of the collateral shall be treated the same as the claims of other unsecured creditors.

13. The estimated amount of mortgage arrears, $2,277.28, due Lawrence Boyler, PC Employees Money Purchase Pension Plan & Trust for his first and second mortgage on his residential real estate, and the estimated amount of mortgage arrears of $7,649.86 due PNC Bank for the commercial real estate will be paid in full under the plan, plus interest at the contract rate; the Debtor will make all post-petition mortgage payments due directly to the mortgagees and afterwards directly to the mortgagees. This plan does not modify the underlying security agreements nor affect the lien of the mortgages, which liens are retained. Unless otherwise specified herein, the secured creditors will be presumed to be oversecured and entitled to interest from the petition filing date at the contract rate. The amount to be paid is an estimate and will be adjusted to the amount due under any allowed Proof of Claim. To the extent that the funds proposed are insufficient to prove for full payment of this amount, this Chapter 13 Plan will be deemed to be amended by the Schedule of Distribution so as to provide for payment in full of all mortgage arrears, same to be without further notice to creditors or parties in interest.

14. Postpetition claims [newly arising after the petition date] for which a proof of claim may be filed and allowed by 11 U.S.C. §1305 of the US Bankruptcy Code, must be documented by the filing of a proof of claim served on the Debtor's counsel and on the Trustee. Approved claims will be paid with the prepetition claims in the same class, if any.

15. Pursuant to 11 U.S.C. §1327(b), the confirmation of the Chapter 13 Plan vests all property of the estate in the Debtor.

I hereby certify that I have read, understood, and do adopt the foregoing plan.

May 15, 2002

_____
Thomas E. Martin



# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re:　　　　　　　　　　　　　　　　　　　　　　Case No. 1-02-0 2554

Thomas E. Martin
　　　Debtor

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

## DEFINITIONS

"In business." A debtor is "in business" for the purposes of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purposes of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation, a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting stock or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

### 1.　　INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

_____ NONE
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year.

|                | AMOUNT        | SOURCE (if more than one) |
|----------------|---------------|----------------------------|
| (debtor) YTD:  | $ LOSS        | self-employment from Attco Autobody & Truck Painting, Attco Storage A partnership |
| (debtor) 2001: | $not yet filed | self-employment from Attco Autobody & Truck Painting, Attco Storage A partnership |
| (debtor) 2000: | $(206,961)    | self-employment from Attco Autobody & Truck Painting, Attco Storage A partnership |

### 2.　　INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS
XXX　NONE
State the amount of income received by the debtor other than from employment trade, profession, or operation of the debtor's business during the two year immediately preceding the commencement of this case. Give particulars. if joint petition is filed, state income for each spouse separately. [Married debtors filing under chapter 12 or chapter 13 must stgate income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

　　　　　AMOUNT　　　　　　　　SOURCE

In Re:  
Thomas E. Martin

Case No. 1-02-0_____

3. **PAYMENTS TO CREDITORS**

xxx ___ NONE

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600.00 to any creditor made within 90 days immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

_____ NONE

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. [Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Diane Strait<br>Lincoln Way West<br>ST Thomas PA | Payment over<br>The year of 2001 | $5,000.00 | $0.00 |

4. **SUIT and ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS**

_____ NONE

a. List all suits or administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Pa Dept of Revenue<br>vs.<br>Thomas E. Martin<br>No: 2002-00305 | Civil Action | Court of Common<br>Of Franklin Co. | judgment entered 2/8/02 |
| Cumberland Valley Rental<br>vs.<br>Thomas E. Martin<br>CV-0000008-02 | civil action | District Magistrate<br>Harold Bender<br>PO Box 361<br>Shippensburg PA  17257 | judgment entered 1/30/02 |

In Re:                                              Case No. 1-02-0 2554
Thomas E. Martin

| | | | |
|---|---|---|---|
| Chambersburg Motor Parts vs. Thomas E. Martin Attco Truck Painting 2002-00371 | civil | Court of Common Pleas of Franklin co. | Judgment entered 4/2/02 |
| Unikote, Inc. vs. Thomas Martin Attco Auto Body & Truck Painting 2002-958 | Civil | Court of Common Pleas of Franklin Co. | complaint filed 4/11/02 |

xxxx  NONE

     b.     Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.    REPOSSESSIONS, FORECLOSURES AND RETURNS**

xxxx  NONE

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed of lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this care. [Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.    ASSIGNMENTS AND RECEIVERSHIPS**

xxxxx  NONE

     a.     Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

xxxx  NONE

In Re:   Case No. 1-02-02554
Thomas E. Martin

b.  List all property which has been in the hands of a custodian, receiver, or court appointed official within one year immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. GIFTS
xxxx  NONE

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200.00 in value per individual family member and charitable contributions aggregating less than $100.00 per recipient. [Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. LOSSES
xxxxx  NONE

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY
_____  NONE

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Richard L. Bushman, Esq. P.O. Box 51 Spring Run, PA 17262 | 12/20/00 Various dates | $320.00 for retainer $2,680.00 for balance of bankruptcy petition and representation at §341 Creditor's meeting |

In Re: Thomas E. Martin   Case No. 1-02-0_____

## 10. OTHER TRANSFERS
___ NONE

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Diane Strait<br>Lincoln Way West<br>ST. Thomas PA | Lien and name removed from mortgage due Lawrence Boyler | 1/01 |

## 11. CLOSED FINANCIAL ACCOUNTS
xxxxx NONE

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit or other instruments; share and share accounts held in banks, credit unions, pension fund, cooperative, associations, brokerage houses and other financial institutions. [Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. SAFE DEPOSIT BOXES
xxxx NONE

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE FOR TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. SETOFFS
xxxx NONE

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

In Re: Thomas E. Martin                                   Case No. 1-02-02554

**14. PROPERTY HELD FOR ANOTHER PERSON**
xxxxx NONE

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS | DESCRIPTION AND VALUE | |
| OF OWNER | OF PROPERTY | LOCATION OF PROPERTY |

**15. PRIOR ADDRESS OF DEBTOR**
XXXX NONE

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS    NAME USED    DATES OF OCCUPANCY

---

**16. SPOUSES AND FORMER SPOUSES**
XXXX NONE

If the debtor resides or resided in a community property state, commonwealth or territory [including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin] within the six year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor int he community property state.

**17.                    ENVIRONMENTAL INFORMATION.**

For the purposes of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local stature or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substances, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

XXXX NONE
  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental law:

| SITE NAME | NAME AND ADDRESS | DATE OF | ENVIRONMENTAL |
| AND ADDRESS | OF GOVERNMENTAL UNIT | NOTICE | LAW |

XXXX NONE
  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME | NAME AND ADDRESS | DATE OF | ENVIRONMENTAL |
| AND ADDRESS | OF GOVERNMENTAL UNIT | NOTICE | LAW |

In Re:        Thomas E. Martin                    1-02-02554
              Attco Auto Body & Truck Painting

## 18. NATURE, LOCATION AND NAME OF BUSINESS
_____ NONE

a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

| NAME | ADDRESS | BEGINNING AND ENDING NATURE OF BUSINESS | DATES OF OPERATION |
|---|---|---|---|
| Attco Auto Body & Truck Painting | 2775 LWW Chambersburg PA | sole Prop. Auto Body & paint | 12/1/97 to present |

---

## 19. BOOKS, RECORDS AND FINANCIAL STATEMENTS
_____ NONE

a.  List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Ocker & Assoc. PC | 4148 LWE Fayetteville PA 17222 | yearly tax returns |

xx_____ NONE

b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

xx_____ NONE

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

xx_____ NONE

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by debtor.

| NAME | ADDRESS | DATE ISSUED |
|---|---|---|

---

## 19. INVENTORIES
_____ NONE

In Re:
Thomas E. Martin
Attco Auto Body & Truck Painting

1-02-02554

a. List the dates of the last two inventories taken of your property, the name the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY     SUPERVISOR     DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

    xx____ NONE

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY     NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

## 20. CURRENT PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS
    xx____ NONE

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS     NATURE OF INTEREST     PERCENTAGE OF INTEREST

    xx____ NONE

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

NAME AND ADDRESS     TITLE     NATURE AND PERCENTAGE OF STOCK OWNERSHIP

## 21. FORMER PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS
    xx____ NONE

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NAME     ADDRESS     DATE OF WITHDRAWAL

    xx____ NONE

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

NAME AND ADDRESS     TITLE     DATE OF TERMINATION

## 22. WITHDRAWALS FROM A PARTNERSHIP OR DISTRIBUTIONS BY A CORPORATION
    xx____ NONE

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

NAMES & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR     DATE AND PURPOSE OF WITHDRAWAL     AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF MONEY

In Re:                                                Case No. 1-02-0_____
    Thomas E. Martin

    I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date: *May 15, 2002*           Signature ___[signed]___
                                                                            Thomas E. Martin

no continuation sheets attached

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

Thomas E. Martin   :
Attco Auto Body & Truck Painting   : In Bankruptcy
    Debtor   : No. 1-02-02554

## DISCLOSURE OF FEES UNDER RULE 2016

1. I certify that I represent the debtor in this case.

2. The compensation paid or agreed to be paid by the debtor to the undersigned is:

    (a) for legal services rendered or to be rendered in contemplation of and in connection with this case:     $3,000.00

    (b) prior to filing this statement, debtor has paid:     $3,000.00

    (c) the unpaid balance due and payable is:     $ 00.00

3. The $185.00 filing fee in this case has been paid.

4. The services rendered or to be rendered include the following:

    (a) analysis of the financial situation, and rendering advice and assistance to the debtor in determining whether to file a petition under Title 11 of the United States Code.

    (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the Court.

    (c) other legal work at a rate of $120 per hour or as approved by the court.

5. The source of payments made by the debtor to the undersigned was from earnings, wages and compensation for services performed, and;

6. The source of payments to be made by the debtor to the undersigned for the unpaid balance remaining, will be from the personal funds of the debtor.

7. The undersigned has not shared or agreed to share with any other person, other than with members of undersigned's law firm, any compensation paid or to be paid.

Respectfully submitted,

Dated: ~~April~~, 2002
May 8

Richard L. Bushman, Esquire
16767 Path Valley Road
P.O. Box 51
Spring Run, PA 17262-0051

## STATEMENT OF UNDERSTANDING BY DEBTOR

I Thomas Edwin Martin state that I have reviewed the Statement of Affairs, mailing matrix, Schedule of Assets and Liabilities, and the list of creditors set forth in the bankruptcy Statement of Affairs and schedules, which Richard L. Bushman, Esquire, has prepared on behalf of me at my request. The information contained in the Statement of Affairs and schedules is true and accurate to the best of my knowledge. I further state that the list of creditors and addresses is a complete list of all of the creditors which I have given to Richard L. Bushman, Esquire.

I understand that the claim of any creditor who is not notified of the bankruptcy case may not be discharged and that I may continue to owe a creditor on its claim after the bankruptcy case is complete. I further understand that if any of the notices to creditors is returned due to an incomplete or inaccurate address, that I will,to the best of my ability, obtain an accurate mailing address so that those creditors can be notified. I further understand that if, due to my inadvertence, any creditors have not been listed on the schedules, they can be added to the schedules for notification purposes and I will inform Richard L. Bushman, Esquire, of any such situations.

Date: 5-8-2002

Thomas Edwin Martin